## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| SUSAN ORTHMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05-3276-SSA-CV-S-WAK ) |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

### ORDER

Claimant Susan Orthman seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383, *et seq.* She claims she became disabled beginning on September 15, 2002. The parties' briefs were fully submitted, and on April 4, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).  The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Claimant Susan Orthman was born in 1976 and has an eleventh-grade education.  She previously worked as an automobile detailer, data entry clerk, cleaner/housekeeper, telephone solicitor and cashier-checker.  She claims she is disabled due to a variety of conditions, including complex partial seizures, migraines, depression, degenerative disk disease and arthritis.

She indicated she has seizures every week or two, with a 48-hour recovery period after the seizure.  She alleged migraine headaches two to three times a week, lasting from one to six hours.  She stated she is depressed, has back pain, uses an electric cart when shopping in stores,

suffers from asthma, bronchitis and allergies.  Her medications cause numerous side effects and she has chronic constipation.  She is over weight, smokes, and does not always take her medications or follow her physician's recommendations for treatment.  Nevertheless, her treating physician set forth limitations in a medical source statement which would preclude her from working.

The Administrative Law Judge (ALJ) found claimant had the severe impairments of back disorder, obesity, respiratory disorder and a history of seizure disorder.  He did not find her headaches, constipation or situational stress to be severe within the meaning of the regulations.  The ALJ discounted Orthman's subjective complaints and asserted functional limitations because they appeared to be inconsistent with her reports to her physicians, her daily activities, and her treatment records.  Likewise, he did not find the treating physician's medical source statement to be supported by the treatment notes and records.  He noted she maintained a daily routine taking care of her house and children.  She drove a car and visited with friends.  Her low earnings record, with income less than $4,500 per year for a ten-year period prior to her application, was considered as an indication of low motivation to work.

After weighing the evidence, the ALJ determined Orthman had the residual functional capacity to perform a wide range of sedentary work.  He submitted hypotheticals to a vocational expert, and ultimately decided that claimant could return to her past relevant work as a data entry operator or telephone solicitor.

Orthman challenges the decision based on several grounds, but the one the court finds most troubling is the residual functional capacity and hypothetical to the vocational expert.  In his decision, the ALJ stated that claimant could sit for 30-60 minutes at a time, stand for up to 30-60 minutes at a time, and walk for up to 30 minutes at a time.  He continued that "[s]he is able to perform these various activities for 6 hours in an 8-hour workday.  She is able to attend a workplace for a full 8-hour workday." (Tr. 22.)  The hypothetical to the vocational expert indicated the person could "sit or stand for 30-60 minutes before needing to change position due to pain or discomfort; could both sit and stand for six out of an eight-hour-day; walk for about half an hour; . . ." (Tr. 592.)

As written, the decision and hypothetical do not appear to show claimant can sit, stand, and/or walk for a total of 8 hours in the workday.  While the Commissioner suggests that

Case 6:05-cv-03276-WAK   Document 15   Filed 05/24/06   Page 3 of 5

claimant could perform each of the activities for six hours, that is not the way the question was asked or the decision written.

Likewise, Orthman asserts the ALJ erred when he reported the MRI's of her back remain unchanged since 2001. Orthman claims the MRI's show a worsening back condition and her records support her allegations of increased migraine headaches.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

Further, the ALJ's determination of residual functional capacity must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545." Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001). Thus, the ALJ must set forth the limitations and determine how those limitations affect his or her residual functional capacity. Lewis v. Barnhart, 353 F.3d at 646.

In this case, the decision and hypothetical are ambiguous in that they state claimant can only sit, stand or walk for six hours in an 8-hour workday, but can be at the workplace for eight hours. This needs to be clarified. Further, if the residual functional capacity is based, in part, on factual errors or on claimant's abilities on her "good" days without consideration of the frequency of her "bad" days, the Commissioner should be given the opportunity to review and/or supplement the record. On the current record, however, the court does not find a reversal for an award of benefits to be appropriate.

Accordingly, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further consideration of claimant's residual functional capacity and for reconsideration based upon any factual errors which occurred in the original decision.

Dated this 24th day of May, 2006, at Jefferson City, Missouri.

/s/ William A. Knox

WILLIAM A. KNOX
United States Magistrate Judge